IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LARRY THOMAS, SR.,

                     Petitioner

       VS.

BRIAN OWENS,

                    Respondent

NO.  5:08-CV-414 (CAR)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Respondent Brian Owens has filed a motion pursuant to 28 U.S.C. §2244(d) seeking dismissal of the above-captioned action filed by petitioner Larry Thomas Sr. under 28 U.S.C. §2254, alleging that the petition is untimely filed under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Tab #7. Petitioner Thomas has responded. Tab #13 - Tab #16.

LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

*(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

*(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

*(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

*(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

<u>FACTUAL AND PROCEDURAL HISTORY</u>

Petitioner Thomas entered a guilty plea to the offense of racketeering in the Superior Court of Bibb County, Georgia on December 14, 2005.  He was sentenced to twenty (20) years, serve four (4) years and four (4) months.  Petitioner did not pursue a direct appeal.

On September 28, 2006, petitioner Thomas filed a *pro se* motion seeking to modify his sentence in the trial court.[1]  The trial court denied the petitioner's motion seeking modification on January 24, 2007.  That same day, petitioner Thomas filed a ***state*** habeas corpus petition in the Superior Court of Dooly County, Georgia challenging his Bibb County, Georgia conviction and sentence; relief was denied on November 29, 2007.  On October 28, 2008, the Georgia Supreme Court denied as untimely filed petitioner Thomas' application for a certificate of probable cause to appeal.[2]  On November  25, 2008, petitioner Thomas filed the instant federal petition challenging his Bibb County conviction and sentence.  Respondent Owens has since filed an answer and has moved to dismiss this petition as untimely under the AEDPA.  Tab #5 and Tab #7.


<u>DISCUSSION</u>

In his motion seeking dismissal, respondent Owens contends that the petitioner Thomas' conviction became final on January 13, 2006, when the thirty (30) day period for filing a notice of appeal pursuant to O.C.G.A. §5-6-38 expired.  Respondent Owens next notes that petitioner Thomas waited until September 28, 2006, some two-hundred-fifty-eight (258) days later, to file a *pro se* motion seeking to modify his sentence.[3]  As the petitioner's  ***state*** habeas action was filed on the same day that his motion seeking modification was denied, the respondent concedes that, for

---

[1] Motions seeking to modify a sentence in Georgia are governed by O.C.G.A. §17-10-1.

[2] The Georgia Supreme Court also denied petitioner Thomas' subsequently filed motions for an out of time certificate of probable cause to appeal and his motion seeking reconsideration.

[3] According to O.C.G.A. §17-10-1(f), such a motion is timely if filed within one year of sentencing. Having reviewed the content of the motion, it appears to be a properly filed collateral attack on on the petitioner's state sentence and conviction thus tolling the AEDPA period of limitations.

2

purposes of this motion, the running of the AEDPA period of limitations did not resume until December 31, 2007. This is the date upon which the thirty (30) day period proscribed by O.C.G.A. 9-14-52 for filing a notice of appeal in the superior court and/or an application for a certificate of probable cause to appeal in the Georgia Supreme Court following the denial of a ***state*** habeas corpus action expired.[4]

According to the respondent, petitioner Thomas waited until November 28, 2008 to file the instant federal habeas corpus action. The time between the conclusion of the petitioner's ***state*** habeas action and the filing of the instant federal action totals some three-hundred-thirty (330) days. This time, when combined with the two-hundred- fifty-eight (258) days of previously calculated un-tolled time, clearly exceeds one (1) year. Respondent Owens thus concludes that petitioner's federal action is untimely filed and must be dismissed.

In his various responses to the instant motion seeking dismissal, petitioner Thomas essentially offers two arguments. He first argues that, contrary to his explicit direction to do so, his trial attorney Jason Orenstein, and later his state habeas corpus attorney Joseph Weathers, failed to timely file appeals on his behalf. Secondly, he argues that the instant petition was, in fact, timely filed.

As for Thomas' first argument, it appears that he is essentially seeking equitable tolling. At the outset, it should be noted that in order for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). (quotation marks and citation omitted). It is also important to note that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir.2008) (*per curiam*).

---

[4]The thirtieth day actually fell on Saturday, December 29, 2007.

The undersigned is unconvinced that petitioner Thomas is entitled to equitable tolling on the basis of his attorneys' failure to file appeals on his behalf.  This conclusion is in accord with the Eleventh Circuit's long held position that attorney negligence, even gross negligence, does not warrant equitable tolling.  *Id.* at 1339.  Moreover, and to whatever extent petitioner contends that his attorneys' actions were not negligent but rather egregious misconduct, the undersigned notes that in order for a petitioner to avail himself of equitable tolling based on such conduct, there must be "an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Holland*, 539 F.3d at 1339.

The precedence concerning a petitioner's entitlement to equitable tolling stemming from egregious conduct by an attorney, when read in conjunction with the two requirements for equitable tolling, can lead only to the conclusion that egregious misconduct by an attorney *may* give rise to an extraordinary circumstance as is contemplated in the second requirement. In light of this interpretation, and after carefully considering the petitioner's allegations and exhibits in support thereof,  it is clear that Thomas has failed to satisfy the second requirement.  That is, because petitioner Thomas has failed to present any proof of bad faith, dishonesty, divided loyalty, mental impairment, or other similar behavior on the part of either of his attorneys, he has failed to demonstrate that an exceptional circumstance stood in his way and prevented timely filing. Accordingly, the undersigned finds his argument for equitable tolling to be without merit.

In support of petitioner Thomas' argument that his petition was *actually* timely filed, he contends that the respondent has failed to recognize the tolling effect of the various *pro se* motions and applications which were pending in the state courts during the time the respondent contends was un-tolled.  According to Thomas, once the tolling effect of these motions and applications is taken into account, it should be clear that the instant petition was timely filed.  This argument is also without merit.

28 U.S.C. §2244(d)(2) provides that "the time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added). With this requirement in mind, the undersigned has reviewed the motions and applications referred to by petitioner Thomas and finds that these motions and applications were not properly filed within the meaning of the statutory tolling provision of the AEDPA set out above.[5] As such, petitioner Thomas' argument that the instant petition was timely filed must fail.

In view of the above, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The amount of un-tolled time which passed between the date that petitioner Thomas' conviction became final and the filing of the instant federal petition totals five-hundred-eighty-eight (588) days, far more than a year of un-tolled time. Accordingly, the instant federal habeas corpus petition is untimely filed and the respondent's motion seeking dismissal must be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 17th day of JUNE, 2009



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5]For the most part, the motions and applications filed in the state courts by petitioner Thomas were untimely. When a state post-conviction petition, motion, or application is untimely filed, it is not "properly filed" within the meaning of the AEDPA. See *Pace v. DiGuglielmo,* 544 U.S. 408 (2005).