IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LARRY THOMAS, SR.,** | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 5:08-CV-414 (CAR) |
| v. | : | |
| | : | *HABEAS CORPUS* |
| **BRIAN OWENS,** | : | 28 U.S.C. § 2255 |
| | : | |
| Respondent. | : | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration [Doc. 26] pursuant to Federal Rule of Civil Procedure 59(e) wherein Petitioner seeks to have this Court reconsider its Order [Doc. 24] adopting the Report and Recommendation of the United States Magistrate Judge [Doc. 21] and granting dismissal of his *habeas corpus* petition. In addition, Petitioner asks the Court to consider untimely amendments he has made in the form of an Amended Objection [Doc. 23] to the original Report and Recommendation and an Amended Motion for Reconsideration [Doc. 28]. As discussed below, Petitioner demonstrates no grounds for reconsideration, so the Motion is **DENIED**.

Local Rule 7.6 contemplates motions for reconsideration but warns that "Motions for Reconsideration shall not be filed as a matter of routine practice." Likewise, litigants should not seek to amend previously submitted documents merely as a means for prolonging disposition of the matter but, instead, only as required in rare circumstances, such as to correct an unintentional but misleading oversight or to make the Court aware of previously unavailable yet operative materials. See id. (limiting all motions for reconsideration to five pages and forbidding reply briefs to such motions); and Local Rule 7.3.1 (disfavoring sur-reply briefs, which only may be submitted by leave

of Court upon written request by party within seven business days after filing original brief). The Court presumes that motions are ripe when initially submitted. See id.; and Local Rule 7.7 (excepting from briefing schedule entirely motions that clearly have no basis in law and providing for their immediate disposition). And the Court has no obligation to consider untimely amendments. See Fed. R. Civ. Pro. 59(e) (providing ten days to submit motion to alter or amend entered judgment); and 28 U.S.C. § 636(b)(1)(C)(providing ten days for submission of written objections by any party to proposed findings and recommendations of United States Magistrate Judge).

Motions for reconsideration are only appropriate if the movant can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Wallace v. Georgia Department of Transp., 2006 WL 1582409 * 2 (M.D.Ga. June 6, 2006) (slip copy) (citing McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222-23 (M.D.Ga.1997)). "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d. 1337, 1340 (M.D. Fla. 2003) (quotation and citation omitted). As such, "a motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined." Id.

In his brief, Petitioner contends that reconsideration is necessary because the Court could not, according to him, have reviewed the entire record since the Order adopting the Report and Recommendation was entered only four days after he submitted an Amended Objection. This assertion fails to move the Court to reconsider its earlier Order for three reasons.

First, the Court need not consider an untimely amendment. Petitioner had ten days in which to object to the Report and Recommendation. He timely filed an Objection, which the Court

considered.  Then, he filed an Amended Objection on July 17, 2009, a full month after the Report and Recommendation issued.  The Court need not review this untimely amendment.

Second, the Court nonetheless fully considered and dismissed all of Petitioner's objections in the initial Order.  The mere fact that only four days passed between the time Petitioner filed his Amended Objection and the Court issued its Order in no way indicates that the Court did not fully consider any relevant objections contained therein.

Third, even having reviewed and reconsidered Petitioner's Amended Objection, it raises no issues that would require or permit this Court to reconsider its Order of July 21, 2009.  Indeed, the Amended Objection, just like the balance of Petitioner's Motion for Reconsideration, simply restates arguments already made and reproduces information already in the record.

A separate and final issue concerns Petitioner's untimely amendment to the Motion for Reconsideration.  Because Petitioner filed the Motion For Reconsideration within ten days of the Court's July 21, 2009, order, the Court construes it as a timely Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment.  Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003).[1]

---

[1] If Petitioner had filed the motion outside the ten day period prescribed by Rule 59(e), it would have automatically converted into a Rule 60(b) motion for relief from judgment, see e.g., id. at 1177-78 n. 1.  As a Rule 60(b) motion, this Court would no doubt retain jurisdiction to reconsider the statue of limitations issue, because such a motion challenges only the Court's failure to reach the merits in its original order.  Gonzalez v. Crosby, 545 U.S. 524, 538 (U.S. 2005).  As such, it could not be treated as successive and would not require precertification pursuant to 28 U.S.C. § 2244(b)(3). Id.; see also Zakrzewski v. McDonough, 490 F.3d 1264, 1265 (11th Cir. Fla. 2007)(vacating district court judgment finding of no jurisdiction on Rule 60(b) *habeas* motion where petitioner did not assert claims of error on underlying state conviction).

Both prior to and since the Supreme Court's Gonzalez decision, cited above, several district courts in this circuit have treated Rule 59(e) motions the same as Rule 60(b) motions for the purpose of making a second or successive determination in the *habeas* context. See Aird v. United States, 339 F.Supp.2d 1305 (S.D. Ala. 2004)(finding rationale for deciding whether to treat motion for reconsideration as second or successive extends to encompass Rule 59(e) motions as well as Rule 60(b) motions); Hodges v. Sec'y, 2007 U.S. Dist. LEXIS 21578 (M.D. Fla. Mar. 27, 2007)(not treating Rule 59(e) motion as successive and retaining jurisdiction to address it); Miquel v. United States, 2005 U.S. Dist. LEXIS 36741, reversed and remanded on other grounds (M.D. Fla. Aug. 31, 2005)(treating Rule 59(e) motion as successive under Gonzalez test where it attacked the substance of court's prior resolution of *habeas* claims on merits and holding it lacks jurisdiction to entertain motion without Eleventh Circuit

Petitioner's Amended Motion for Reconsideration, however, did not arrive until several months after judgment entered on October 16, 2009. Thus, it was an untimely amendment. Even assuming it were rightly filed, the arguments made therein do not raise a valid issue that would warrant reconsideration. To the extent these arguments inappropriately focus on the merits of the underlying claim, the Amended Motion for Reconsideration is a second or successive petition, which divests this Court of jurisdiction to adjudicate those matters before Petitioner first obtains precertification from the Eleventh Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). Indeed, the only proposition of law that could rescue the cause of action at this stage would need to provide a basis for tolling the underlying statute of limitations.

Petitioner's arguments regarding tolling all fail. As the United States Magistrate Judge adequately explained, some 588 days of un-tolled time passed between the date Petitioner's conviction became final and the filing of the instant federal petition. This is well over the one-year period of limitations that applies to applications for a writ of *habeas corpus*. 28 U.S.C. § 2244(d). Petitioner filed a state *habeas* petition that the Georgia Superior Court of Dooly County denied on November 29, 2007. Petitioner did not file a proper appeal, despite having been advised by the *habeas* court that he would have thirty days to do so under Georgia law. Months later, however, on March 14, 2008, Petitioner submitted a motion for leave to file an out of time appeal. The Supreme Court of Georgia denied the motion and declined to hear the appeal as untimely on October 28,

---

authorization); and Milovanovic v. United States, 2006 U.S. Dist. LEXIS 8167 (M.D. Fla. Feb. 13, 2006).

The Eleventh Circuit has not yet squarely addressed the issue of whether district courts are jurisdictionally barred from considering Rule 59(e) motions in *habeas* cases to the same extent that they are when considering Rule 60(b) *habeas* motions. But it has upheld district court jurisdiction to decide a Rule 59(e) *habeas* motion even where the motion attacked a previous Rule 60(b) motion that was properly deemed successive. Holt v. United States, 249 Fed. Appx. 753, 757 (11th Cir. Ga. 2007). Based on the Gonzalez test, this Court can only logically conclude that since it may properly reconsider a ruling in a *habeas* case on a statute of limitations issue under Rule 60(b), it also has *habeas* jurisdiction to entertain a Rule 59(e) motion for reconsideration.

2008.

State postconviction petitions rejected as untimely are not properly filed within the meaning of 28 U.S.C. § 2244(d)(2). Allen v. Siebert, 552 U.S. 3 (U.S. 2007). The United States Supreme Court has concluded, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (U.S. 2005)) (quotation and citation omitted). Thus, Petitioner's motion to file an out of time appeal did not toll the one-year limitations period during its pendency.

Having already considered all valid objections and the corresponding evidence fully, the Court declines to revisit the matter and stands by its earlier Order dismissing the action. Petitioner's Motion does not satisfy any of the three necessary criteria to warrant reconsideration of the Court's prior ruling. Petitioner has shown no intervening change in the law, presented no newly discovered evidence to affect the outcome of this case, and demonstrated no need to correct a clear error of law or prevent manifest injustice. Petitioner instead attempts to reargue issues already addressed with regard to his now time barred claims.

As stated in this Court's Order on the Report and Recommendation, the Court thoroughly considered Plaintiff's Objection and made a *de novo* determination of the portions of the Recommendation to which Plaintiff objected. The Court finds the Motion at bar without merit and reconsideration of its previous Order inappropriate under these circumstances. Therefore, Petitioner's Motion for Reconsideration is **DENIED**.

**SO ORDERED,** this 4th day of November, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

THC